RECEIVED
SEP 16 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| SUSAN E. DUPONT | : | DOCKET NO. 10-1241 |
| VS. | : | JUDGE TRIMBLE |
| CHASE HOME FINANCE, LLC | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the Court is a "Partial Motion to Dismiss" (R. #5) filed by defendant, Chase Home Finance, LLC ("Chase") wherein, Chase moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) plaintiff's claims of fraud and misrepresentation, constructive fraud, breach of the duty of good faith and fair dealings, unfair trade practices under Louisiana Unfair Trade Practices Act ("LUTPA") and unfair debt collection under the Fair Debt Collection Practices Act ("FDCPA").

### FACTUAL ALLEGATIONS

Chase holds a mortgage on plaintiff, Susan E. Dupont's residence at 684 Elbert Robinson Rd., in Roanoke, Louisiana. Dupont makes payments to Chase for principal, interest and escrow. One of the purposes of the escrow account is to accumulate sufficient funds in order for Chase to pay premiums on Dupont's hazard insurance on the mortgaged property.

In June and July 2008, Chase received notice that Dupont's insurance policy was due for renewal and would expire if not paid by August 7, 2008. Chase failed to pay Dupont's insurance premium, thus, the insurance expired.

Chase was notified that the policy was expired. On August 22, 2008, Chase deducted $3,758 from Dupont's escrow account and sent payment to the insurance provider. The payment was returned to Chase. Chase did not notify plaintiff that her homeowner's insurance policy had lapsed and her home was not insured. Plaintiff continued to make timely payments to the escrow account in accordance with the mortgage and escrow agreements.

Approximately one year later, in September 2009, Chase deducted $7,516 from plaintiff's escrow account purportedly for plaintiff's home insurance. The deduction was not used to secure insurance for plaintiff's home. Upon learning that her home was not insured, plaintiff secured insurance for the 2009 through 2010 period.

On or about November 1, 2009, Chase sent correspondence to plaintiff indicating that in September of 2009, Chase deducted $1,939.35 from plaintiff's escrow account, purportedly to purchase a post dated forced insurance policy for the coverage period of August 17, 2008 through August 17, 2009. Plaintiff made numerous attempts by telephone to Chase and sent by certified mail written correspondence to have the account corrected. Chase admitted its failure to manage the escrow account properly, but refused to refund the escrow deductions which were purportedly for the purpose of making insurance payments.

Plaintiff continued to make payments toward principal and interest, but made no payments towards the escrow account. Chase sent letters, made harassing phone calls, and plaintiff believes that Chase also sent agents to her home. Chase continued to refuse to rectify the escrow account and threatened foreclosure on the property because payments were not being made to the escrow account.

On or about May 10, 2010, counsel for plaintiff sent a Notice of Representation by certified

mail to Chase indicating that all further correspondence should be directed to plaintiff's counsel. Chase continued to contact plaintiff directly regarding the matter.

## RULE 12(b)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted. The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that " 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' "[1] Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged.[2] The plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true.[3] In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts.[4] "In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. . . ."[5] "Legal conclusions masquerading as factual conclusions will not

---

[1] Hitt v. City of Pasadena, 561 F.2d 606, 608 (5th Cir. 1977)(per curium) citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, (1957)).

[2] Elliot v. Foufas, 867 F.2d 877, 880 (5th Cir. 1989).

[3] Oppenheimer v. Prudential Securities, Inc., 94 F.3d 189, 194 (5th Cir. 1996).

[4] Tel-Phonic Servs., Inc. v. TBS Int'l, Inc., 975 F.2d 1134, 1137 (5th Cir. 1992).

[5] Guidry v. Bank of LaPlace, 954 F.2d 278, 281 (5th Cir. 1992).

suffice to prevent a motion to dismiss."[6] "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial."[7]

## LAW AND ANALYSIS

Chase maintains that taking the allegations as true, the complaint does not state a claim for fraud, misrepresentation, breach of the obligation of good faith and fair dealings, violation of the LUTPA (unfair trade practices), or a violation of the FDCPA(unfair debt collections). Plaintiff reluctantly concedes that Chase's arguments with respect to the unfair trade practices and unfair debt collection claims are supported by the cases cited in its memorandum. Accordingly, these claims will be dismissed.

*Fraud and misrepresentation, constructive fraud*

In a pleading alleging fraud, a plaintiff must state the circumstances constituting fraud with particularity.[8] In deciding a motion to dismiss for failure to state a claim, "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint."[9] Federal Rule of Civil Procedure 9(b) states; "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of the mind of a person may be averred generally."[10] Rule 9(b)

---

[6] Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995).

[7] Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995).

[8] Fed.R.Civ.P. 9(b).

[9] Lovelace v. Software Spectrum, Inc., 78 F.3d 1015,1017 (5 th Cir. 1996).

[10] Fed. Rule. Civ. P. 9(b).

4

requires the who, what, when, where and how to be laid out.[11]

Louisiana Civil Code Article 1953 provides that, "[f]raud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction." "[B]ecause a plaintiff cannot be expected to plead a defendant's actual state of mind, the plaintiff is entitled to a 'strong inference' of fraud, if it (a) alleges facts to show that defendant had both motive and opportunity to commit fraud, or (b) alleges facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness.[12]

"The main purpose of Rule 9(b) is to ensure that defendants have adequate notice of the charges against them to prepare a defense."[13] "A court should hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which she will have to prepare a defense at trial, and (2) that plaintiff has substantial prediscovery evidence of those facts."[14]

Rule 9(b) requires plaintiffs to plead with particularity the 'circumstances' of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are

---

[11] Benchmark Electronics, Inc. v. J.M. Huber Corp., 343 F.3d 719, 724 (5th Cir. 2003), modified in part on other grounds, on reh'g, and reh'g en banc denied, 355 F.3d 356 (5th Cir. 2003).

[12] SEC v. U.S.Environmental, Inc., 82 F.Supp.2d 237 (S.D.N.Y. 2000, at 240-41 (internal citation and quotations omitted).

[13] U.S. ex rel. McCready v. Columbia/HCA Healthcare Corp., D.D.C., 2003, 251 F.Supp.2d 114, 116.

[14] Harrison, U.S. v. Westinghouse Savannah River Co., 176 F.3d 776 (4th Cir. 1999).

charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior.[15]

Plaintiff submits that the petition clearly describes with particularity the "circumstances" of Chase's alleged fraud. The petition alleges that for the purported purposes of paying insurance premiums, Chase deducted more than $7,500.00 from the escrow account it maintained in connection with the Dupont mortgage, while in fact, it did not use the money for such purposes and failed to maintain insurance coverage for Ms. Dupont's home. The petition further alleges that Chase has refused to refund the escrow deductions. Furthermore, Chase claims to have secured an alleged retro-active insurance policy in September 2009 to provide coverage for August 2008 through August 2009. Thus, plaintiff maintains that the complaint clearly identifies the circumstances of Chase's alleged fraud and has adequately satisfied the requisite notice to Chase of the precise misconduct with which Chase has been charged. The complaint identifies the single mortgage and escrow account for the specific property along with the specific time period and the specific deductions made by Chase, as well as the fact that those deductions were not used to secure insurance on the mortgaged property.

Chase maintains that plaintiff has failed to allege any intent whatsoever on the part of Chase or that she justifiably relied upon Chase's actions or inactions. Chase further maintains that plaintiff has failed to allege the particulars of time, place and contents of the alleged misrepresentations, or the who, what, when, where and how, as required by Rule 9(b). Thus, Chase maintains that the allegations of fraud must fail.

This case is in its infancy. It was filed in the 31st Judicial District Court on June 28, 2010 and

---

[15] Seville Indus. Machinery Corp. v. Southmost Machinery Corp., 742 F.2d 786 (3d Cir. 1984).

removed to this court on August 5, 2010.[16]  Plaintiff has identified facts concerning the alleged mishandling of her escrow account, the relevant time period, the property and/or account involved and the fact that the money was not refunded. The inaction by Chase as well as the actual person(s) responsible for handling the account has not been alleged, nor where the money actually went. However, these are facts that can be obtained through the discovery process. Due to the severity of the allegations and the infancy of this case, the court is inclined to allow plaintiff additional time to discover the relevant facts necessary to amend her complaint and assert her claim for fraud.

*Duty of good faith and fair dealings*

To state a cause of action for breach of the duty of good faith and fair dealing, a plaintiff must allege that the defendant's actions were prompted by fraud, ill will or sinister motivation.[17] In Industrias Magromer Cueros y Pieles S.A. v. Louisiana,[18] the Fifth circuit relying on Bond v. Broadway,[19] provided the following definition of bad faith:

> The opposite of "good faith," generally implying or involving actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties but by some interested or sinister motive.
>
> The term bad faith means more than mere bad judgment or negligence, it implies the conscious doing of a wrong for dishonest or morally questionable motives.

Chase maintains that plaintiff's petition does not contain any allegations sufficient to state

---

[16] R. #3.

[17] Commercial Nat'l Bank v. Audubon Meadow Partnership, 566 So.2d 1136 (La.App. 2 Cir. 1990); Barbe v. A.A. Harmon & Co., 705 So.2d 1210 (La. App 4 Cir. 1998).

[18] 293 F.3d 912, 922 (5th Cir. 2002).

[19] 607 So.2d 865, 867 (La.Ct.App. 1992).

a cause of action for breach of the covenant of good faith and fair dealings because nothing asserted in the petition rises to the level of alleging an intentional or malicious failure to perform obligations or a designed breach, or there is no allegation of a motive of interest or ill will. We disagree.

Chase was obligated to collect the escrow funds and procure insurance on the mortgaged property. It failed to do this. The petition alleges that Chase failed to pay the insurance premiums in accordance with the mortgage and escrow account. It further alleges that Chase used the money it took from plaintiff's escrow account for some other purpose. The petition alleges that Chase failed to refund to plaintiff the money it took from her escrow account even after admitting its failure to properly manage the escrow account. And finally, Chase repeatedly harassed plaintiff with threats of foreclosures. The court finds that plaintiff has alleged sufficient facts to assert a claim for the breach of the duty of good faith and fair dealings.

## CONCLUSION

Based on the foregoing, the motion to dismiss will be granted in part and denied in part. The motion is granted to the extent that the claims for unfair trade practices and unfair debt collections will be dismissed; otherwise, the motion will be denied. Plaintiff will be allowed 60 days for discovery and to amend her complaint as to the allegations of fraud.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 16th day of September, 2010.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE